FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AUG 07 2013

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

Presented by:

KATHRYN KENEALLY
Assistant Attorney General
U.S. Department of Justice, Tax Division

ADAM D. STRAIT
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
adam.d.strait@usdoj.gov
Telephone: (202) 307-2135
Facsimile: (202) 307-0054

MICHAEL C. ORMSBY
United States Attorney, Eastern District of Washington
*Of Counsel*

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PETRIE & SONS, INC., and<br>GUY A. PETRIE,<br><br>Defendants. | Civil No. CV-13-00200-LKS<br><br>[PROPOSED]<br>ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION; AND PRELIMINARY INJUNCTION |

Preliminary Injunction
Page 1 of 8

1  Plaintiff, the United States, has moved for a preliminary injunction. The
2  Motion came before the Court for a hearing on August 7, 2013. Based upon the
3  United States' Motion, the documents submitted in support of the Motion, the
4  defendants' Answer, and the arguments of the parties and the evidence (if any)
5  submitted at the August 7 hearing, the Court **GRANTS** the United States' Motion
6  and **HEREBY ENJOINS** the defendants as set out below. Pursuant to Federal
7  Rule of Civil Procedure 65(d), the Court makes the following findings of fact and
8  conclusions of law.

### Findings of Fact

10  1.  Defendant Petrie & Sons has failed, and continues to fail, to timely file
11  federal employment tax returns and to timely deposit federal employment taxes.
12  2.  Petrie & Sons is wholly controlled by its principal, defendant Guy Petrie.
13  3.  As of May 30, 2013, Petrie & Sons owes the United States more than
14  $750,000.00.
15  4.  Petrie & Sons does not have sufficient unencumbered assets to satisfy the
16  outstanding tax liabilities, and if further federal employment tax liabilities accrue,
17  the new liabilities will not be recoverable.
18  5.  By failing to file tax returns, by failing to properly withhold and pay over
19  taxes its employees owe to the United States, and by failing to pay the federal
20  employment tax it owes, Petrie & Sons has violated and is continuing to violate

numerous federal statutes and regulations. The statutes Petrie & Sons is violating include 26 U.S.C. §§ 3102 (requiring withholding of employees' FICA taxes), 3111 (requiring payment of employer's FICA taxes), 3301 (requiring payment of employer's FUTA taxes), 3402 (requiring withholding of employees' income taxes), 6011 (requiring filing of returns), 6151 (requiring timely filing of returns), 6302 (requiring deposit of taxes), and 7501 (requiring withheld taxes to be held in trust for the United States). The regulations include 26 C.F.R. §§ 31.6071(a)-1 (requiring employment tax returns to be filed by the end of the month following close of tax period) and 31.6302-1 (requiring deposit of withheld taxes).

6. The defendants were aware of these obligations, but continuously failed to meet them, to the detriment of the United States.

7. The Court finds that the conduct of Petrie & Sons interferes with the administration of the internal revenue laws.

## Conclusions of Law

1. To obtain a preliminary injunction to halt conduct that interferes with the internal revenue laws, the United States must demonstrate that the injunction is necessary or appropriate for the enforcement of the internal revenue laws. 26 U.S.C. § 7402(a). In the alternative, the United States must demonstrate that it is likely to succeed on the merits; that it is likely to suffer irreparable harm in the absence of preliminary relief; that the balance of equities tips in its favor; and that

the injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

2. The United States is likely to succeed on the merits. It has submitted substantial evidence that Petrie & Sons has failed to file employment tax returns and that Petrie & Sons has failed to timely pay employment taxes it owes.

3. The United States will suffer irreparable harm in the absence of preliminary relief. Petrie & Sons has failed to file federal employment tax returns for the last three quarters and has not made any federal tax deposits for more than a year. Petrie & Sons does not have sufficient unencumbered assets to pay any further accrued federal employment taxes. It has knowingly disregarded its obligations under federal law in the past, and therefore is likely to do so in the future absent injunctive relief.

4. The balance of equities tips heavily in the United States' favor. The United States will suffer irreparable harm from Petrie & Sons continuing to accrue federal employment tax liabilities without the prospect of repayment. Petrie & Sons will suffer no substantial harm by being required to comply with federal laws.

5. The injunction would aid in the collection of taxes legally due and owing and those accrued in the future. Therefore, it is in the public interest.

6. For the foregoing reasons, the injunction is necessary and appropriate to the enforcement of the internal revenue laws.

7. Pursuant to Federal Rule of Civil Procedure 65(c), the United States is not required to give security for entry of an injunction.

### Preliminary Injunction

Now, therefore, entry of a preliminary injunction is authorized under Federal Rule of Civil Procedure 65. Defendant Petrie & Sons, Inc.; its officers, agents, servants, employees, and attorneys, specifically including but not limited to Guy Petrie; and anyone else who is in active concert or participation with Petrie & Sons, Inc. (collectively referred to as "Petrie & Sons"); and defendant Guy Petrie individually, are **HEREBY ENJOINED** as follows:

A. Petrie & Sons shall withhold from its employees' wages the amounts required by federal law, including the employees' federal income taxes pursuant to 26 U.S.C. § 3402 and the employees' Federal Insurance Contribution Act taxes pursuant to 26 U.S.C. § 3102.

B. Petrie & Sons shall deposit with its bank all amounts withheld from its employees' paychecks within 72 hours of paying any amount in wages to any person.

C. Petrie & Sons shall deposit with its bank the amount it owes in Federal Insurance Contribution Act taxes pursuant to 26 U.S.C. § 3111 within 72 hours of paying any amount in wages to any person.

D. Petrie & Sons shall retain receipts for each deposit described in paragraphs B and C and workpapers showing how the amount of each such deposit was calculated. Within 24 hours of making the deposits described in paragraphs B and C, Petrie & Sons shall transmit copies of the receipts and the workpapers to IRS Revenue Officer Denice Davis by facsimile at 509-363-1172 or by email to denice.y.davis@irs.gov.

E. Petrie & Sons shall pay over to the IRS all amounts deposited pursuant to paragraphs B and C according to the semi-weekly schedule set forth in 26 C.F.R. § 31.6302-1(c)(2).

F. From the time that this Preliminary Injunction is entered until Petrie & Sons has made all payments to the IRS described in paragraph E, Petrie & Sons shall not assign or transfer any property or rights in property for any reason, nor make any disbursement of funds for any purpose.

G. For the first quarter of 2013 and all subsequent tax periods, Petrie & Sons shall file every employment tax return required by federal law, specifically including Form 941, Employer's Quarterly Federal Tax Return, no later than the date that the return is due.

H. Within 30 days of the entry of this Preliminary Injunction, Petrie & Sons shall file complete and accurate federal employment tax returns for the first quarter of 2009 and the first, second, and third quarters of 2012.

I. Within 24 hours of filing the returns described in paragraph H, Petrie & Sons shall send complete copies of the returns to IRS Revenue Officer Denice Davis by facsimile at 509-363-1172 or by email to denice.y.davis@irs.gov. The United States may later designate in writing, upon reasonable notice to Petrie & Sons, a different person to whom Petrie & Sons shall send the returns.

J. Petrie & Sons shall not transfer any money or other property to any other person or entity in order to have the transferee pay the wages of any employee of Petrie & Sons.

K. Within 72 hours of the entry of this Preliminary Injunction, Petrie & Sons shall deliver a copy of this Preliminary Injunction to each person who has authority to sign checks, disburse funds, or otherwise dispose of the property of Petrie & Sons.

L. Within 72 hours of receiving a copy of this Preliminary Injunction, each person described in paragraph K shall make the Court the following acknowledgment in writing: "I have received a copy of the Court's Preliminary Injunction in the case *United States v. Petrie & Sons, Inc.* I have read the Preliminary Injunction. I will personally determine, prior to signing checks, disbursing funds, or otherwise disposing of the property of Petrie & Sons, Inc., that Petrie & Sons has made all of the payments to the IRS required by Paragraph E of the Court's Preliminary Injunction." Within 7 days of the entry of this Preliminary

1  Injunction, each such acknowledgment shall be provided to IRS Revenue Officer

2  Denice Davis by facsimile at 509-363-1172 or by email to denice.y.davis@irs.gov.

~~M. Within 10 days of the entry of this Preliminary Injunction, Petrie & Sons~~

4  ~~shall deliver a copy of this Preliminary Injunction to each of its employees not~~

5  ~~described in paragraph K.~~

6  N.  If defendant Guy Petrie shall begin to operate any other business enterprise

7  that has employees, within seven days, he shall notify IRS Revenue Officer Denice

8  Davis by facsimile at 509-363-1172 or by email to denice.y.davis@irs.gov.

9  O.  This Preliminary Injunction shall equally apply to any other business

10  enterprise operated by Guy Petrie, as if that enterprise's name were substituted for

11  Petrie & Sons in this Order.

13  **It is so ordered.**

15  Dated this 7th day of August, 2013.

18  HON. LONNY R. SUKO
19  UNITED STATES DISTRICT JUDGE

Preliminary Injunction
Page 8 of 8