Presented by:

KATHRYN KENEALLY
Assistant Attorney General
U.S. Department of Justice, Tax Division

ADAM D. STRAIT
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
adam.d.strait@usdoj.gov
Telephone: (202) 307-2135
Facsimile: (202) 307-0054

MICHAEL C. ORMSBY
United States Attorney, Eastern District of Washington
*Of Counsel*

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | Civil No. 13-200-LRS |
|---|---|
| Plaintiff, | STIPULATED FINAL INJUNCTION |
| v. | |
| PETRIE & SONS, INC., and GUY A. PETRIE, | |
| Defendants. | |

Final Injunction
Page 1

Plaintiff, the United States, and defendants Petrie & Sons, Inc., and Guy A. Petrie have stipulated to the following facts, conclusions of law, and final injunction. The parties have requested that the Court find the facts as stipulated and enter the following conclusions of law and agreed final injunction.

## Findings of Fact

Based upon the parties' stipulation and the evidence presented at the preliminary injunction hearing on August 7, 2013, the Court finds the following facts:

1. For a number of years, defendant Petrie & Sons has repeatedly failed to timely file federal employment tax returns and to timely deposit federal employment taxes.

2. Petrie & Sons is wholly controlled by its principal, defendant Guy Petrie.

3. As of May 30, 2013, Petrie & Sons owed the United States more than $750,000.00.

4. Petrie & Sons does not have sufficient unencumbered assets to satisfy its outstanding tax liabilities, and if further federal employment tax liabilities accrue, the new liabilities will not be recoverable.

5. By failing to file tax returns, by failing to pay over taxes its employees owe to the United States, and by failing to pay the federal employment tax it owes, Petrie & Sons violated numerous federal statutes and regulations. The statutes

Petrie & Sons has violated include 26 U.S.C. §§ 3111 (requiring payment of employer's FICA taxes), 3301 (requiring payment of employer's FUTA taxes), 6011 (requiring filing of returns), 6151 (requiring timely filing of returns), 6302 (requiring deposit of taxes), and 7501 (requiring withheld taxes to be held in trust for the United States). The regulations include 26 C.F.R. §§ 31.6071(a)-1 (requiring employment tax returns to be filed by the end of the month following close of tax period) and 31.6302-1 (requiring deposit of withheld taxes).

6. The defendants were aware of these obligations, but failed to meet them, to the detriment of the United States.

7. After entry of the Preliminary Injunction on August 7, 2013, Petrie & Sons submitted an electronic payroll tax deposit for which it had insufficient funds in its bank account due to a miscommunication with its accountant. It corrected the mistake promptly. It also promptly corrected two mistakes in the amount of its deposits, one of which was due to an employee failing to report his hours timely. Revenue Officer Denice Davis caught the errors. It also submitted a payroll tax deposit within the 72-hour period required by the Preliminary Injunction that did not post until after the 72-hour period had expired.

8. The defendants' conduct has interfered with the administration of the internal revenue laws.

**Conclusions of Law**

1.  To obtain a final injunction to halt conduct that interferes with the internal revenue laws, the United States must demonstrate that the injunction is necessary or appropriate for the enforcement of the internal revenue laws. 26 U.S.C. § 7402(a). In the alternative, the United States must show that it is without an adequate remedy at law and will suffer irreparable injury absent entry of the injunction. *See, e.g.*, *Sundance Land Corp. v. Comm. First Fed. Sav. & Loan Ass'n*, 840 F.2d 653, 661-62 (9th Cir. 1988).

2.  When taxes are withheld from an employee's paycheck, but not remitted to the United States, the United States must credit the employee with having paid the taxes anyway. 26 U.S.C. § 31(a)(1). Because Petrie & Sons lacks the means immediately to pay what it already owes the United States, the government will not be able to collect further accrued payroll tax liabilities. Therefore, the United States lacks an adequate remedy at law with respect to future violations.

3.  Based upon the defendants' conduct prior to the filing of this case, there is a grave risk that absent entry of a final injunction, Petrie & Sons will once again fail to comply with the federal employment tax laws. Therefore, and because the United States lacks a remedy for future violation, the entry of a final injunction is necessary to prevent irreparable harm to the United States.

4. For the foregoing reasons, entry of a final injunction is necessary and appropriate for the enforcement of the internal revenue laws.

5. Pursuant to Federal Rule of Civil Procedure 65(c), the United States is not required to give security for entry of an injunction.

## Agreed Final Injunction

Now, therefore, entry of a final injunction is authorized under Federal Rule of Civil Procedure 65. Defendant Petrie & Sons, Inc.; its officers, agents, servants, and employees, specifically including but not limited to Guy Petrie; and anyone else who is in active concert or participation with Petrie & Sons, Inc. (collectively referred to as "Petrie & Sons"); and defendant Guy Petrie individually, are **HEREBY ENJOINED** as follows:

A. Petrie & Sons shall withhold from its employees' wages the amounts required by federal law, including the employees' federal income taxes pursuant to 26 U.S.C. § 3402 and the employees' Federal Insurance Contribution Act taxes pursuant to 26 U.S.C. § 3102.

B. Petrie & Sons shall deposit with its bank all amounts withheld from its employees' paychecks within 96 hours of paying any amount in wages to any person.

C.  Petrie & Sons shall deposit with its bank the amount it owes in Federal Insurance Contribution Act taxes pursuant to 26 U.S.C. § 3111 within 96 hours of paying any amount in wages to any person.

D.  Petrie & Sons shall retain receipts for each deposit described in paragraphs B and C and workpapers showing how the amount of each such deposit was calculated.  For each deposit made in the four years following entry of this Injunction, within 24 hours of making the deposits described in paragraphs B and C, Petrie & Sons shall transmit copies of the receipts and the workpapers to IRS Revenue Officer Denice Davis by facsimile at 866-879-5486 or by email to denice.y.davis@irs.gov.  The United States may designate another recipient of the receipts and workpapers upon reasonable written notice to Petrie & Sons.

E.  Petrie & Sons shall pay over to the IRS all amounts deposited pursuant to paragraphs B and C according to the semi-weekly schedule set forth in 26 C.F.R. § 31.6302-1(c)(2).

F.  From the time that this Injunction is entered until Petrie & Sons has made all payments to the IRS described in paragraph E, Petrie & Sons shall not assign or transfer any property or rights in property for any reason, nor make any disbursement of funds for any purpose.

G.  Petrie & Sons shall file every employment tax return required by federal law, specifically including Form 941, Employer's Quarterly Federal Tax Return,

Final Injunction
Page 6

no later than the date that the return is due.  For each return filed in the four years after this Injunction is entered, Petrie & Sons shall provide a copy to IRS Revenue Officer Denice Davis by facsimile at 866-879-5486 or by email to denice.y.davis@irs.gov.  The United States may designate another recipient upon reasonable written notice to Petrie & Sons.

  H. Petrie & Sons shall not transfer any money or other property to any other person or entity in order to have the transferee pay the wages of any employee of Petrie & Sons.

  I. Within 96 hours of the entry of this Injunction, Petrie & Sons shall deliver a copy of this Injunction to each person who has authority to sign checks, disburse funds, or otherwise dispose of the property of Petrie & Sons.  If, within the four years following entry of this Injunction, Petrie & Sons hires or retains another person who has such authority, Petrie & Sons shall deliver a copy of this Injunction to the person within 96 hours of hiring or retaining the person.

  J. Within 96 hours of receiving a copy of this Injunction, each person described in the preceding paragraph shall make the following acknowledgment in writing: "I have received a copy of the Court's Final Injunction in the case *United States v. Petrie & Sons, Inc.*  I have read the Final Injunction.  I will personally determine, prior to signing checks, disbursing funds, or otherwise disposing of the property of Petrie & Sons, Inc., that Petrie & Sons has made all of the payments to

Final Injunction
Page 7

the IRS required by Paragraph E of the Court's Final Injunction." Within 7 days of the day that the acknowledgment is signed, each such acknowledgment shall be provided to IRS Revenue Officer Denice Davis by facsimile at 866-879-5486 or by email to denice.y.davis@irs.gov. The United States may designate another recipient of the acknowledgments upon reasonable written notice to Petrie & Sons.

K.  If, in the four years following entry of this injunction, defendant Guy Petrie shall begin to operate any other business enterprise that has employees, within seven days, he shall notify IRS Revenue Officer Denice Davis by facsimile at 866-879-5486 or by email to denice.y.davis@irs.gov. The United States may designate another recipient of the notification upon reasonable written notice to Guy Petrie.

L.  This Final Injunction shall equally apply to any other business enterprise operated by Guy Petrie, as if that enterprise's name were substituted for Petrie & Sons in this Order.

**It is so ordered.**

Dated this 19th day of November, 2013.

*s/Lonny R. Suko*

LONNY R. SUKO
SENIOR U. S. DISTRICT JUDGE

Final Injunction
Page 8